1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10   WILLIAM REEVE,                          Case No.   1:24-cv-01458-JLT-EPG

11                  Plaintiff,
                                             ORDER GRANTING MOTION FOR LEAVE
12          v.                               TO FILE A THIRD-PARTY COMPLAINT

13   SYNCHRONY BANK, *et al.*,               (ECF No. 36)

14                  Defendants.

15

16

17
            This matter is before the Court on Defendant Synchrony Bank's "Motion for Leave to File
18
     Third-Party Complaint." (ECF No. 36).[1]  Upon review, the Court will grant the motion and
19
     permit Defendant Synchrony Bank to file a Third-Party Complaint, naming Merced Powersports
20
     as a Defendant.
21
     **I.     BACKGROUND**
22
            On November 29, 2024, Plaintiff William Reeve filed a complaint in the United States
23
     District Court for the Eastern District of California, naming as Defendants Equifax Information
24
     Services, LLC, Experian Information Solutions, Inc., Synchrony Bank.  (ECF No. 1).  Plaintiff's
25
     complaint states claims for (1) Violation of the Fair Credit Reporting Act; (2) Violation of
26
     California's Identity Theft Act; (3) Violation of the California Consumer Credit Reporting
27
     _____
28   [1] The "Motion for Leave to File Third-Party Complaint" (ECF No. 36) was referred to the undersigned on
     May 5, 2025.  (ECF No. 37).

                                              1

1    Agencies Act.  (ECF No. 1).  Within the complaint, Plaintiff alleges that Defendant Synchrony

2    violated the Fair Credit Act by issuing a loan in his name for a motorcycle that he did not

3    purchase.  (*Id.* at 4).  Plaintiff further alleges that he filed a dispute with the major credit reporting

4    bureaus, Equifax, Experian, and Trans Union; however, both Equifax and Experian failed to do

5    any independent investigation and continued reporting inaccurate information about Plaintiff.  (*Id.*

6    at 5-6).

7         On May 2, 2025, Defendant Synchrony Bank filed a "Motion for Leave to File Third-

8    Party Complaint."  (ECF No. 36).  In the motion Defendant Synchrony requests permission to file

9    a Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14, naming as Third-Party

10   Defendant Merced Powersports.  (ECF No. 36-1).  According to Defendant Synchrony, Merced

11   Powersports should be impleaded as a Third-Party Defendant because Merced Powersports was

12   "responsible for submitting the application for the Loan, pursuant to a merchant agreement

13   between Synchrony and Merchant."  (*Id.* at 2).  Defendant Synchrony attaches a copy of its

14   proposed Third-Party Complaint that lists two claims against Merced Powersports: (1)

15   Indemnification and Contribution, and (2) Contractual Indemnification and Contribution.  (*Id.* at
     11).

16        In support of the motion, Defendant Synchrony argues that there is good cause for

17   impleading Merced Powersports because (1) such will not prejudice Plaintiff, (2) given that this

18   case is in the early stages, there will be no complications of the issues for trial, (3) such will not

19   cause delay of trial, and (4) and granting the motion will promote judicial efficiency and

20   eliminate the need for Synchrony to bring a separate lawsuit.  (*Id.* at 5-6).

21        Plaintiff has not filed an opposition to the motion, and the other Defendants have since

22   settled their claims with Plaintiff and are no longer parties to the lawsuit.

23   **II.    LEGAL STANDARDS**

24        Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may as third-

25   party plaintiff, serve a summons and complaint on a [non-party] who is or may be liable to it for

26   all or part of the claim against. But the third-party plaintiff must, by motion, obtain the court's

27   leave if it files the third-party complaint more than 14 days after serving its original answer." Fed.
     R. Civ. P. 14(a)(1).

28

1   The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for

2   the defendant to bring a separate action against a third individual who may be secondarily or

3   derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs,*

4   *Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "The decision whether to implead a

5   third party defendant is within the sound discretion of the district court." *Id.*

6   "[A] third-party claim may be asserted only when the third-party's liability is in some way

7   dependent on the outcome of the main claim and the third-party's liability is secondary or

8   derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The

9   crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-

10   party defendant the liability asserted against him by the original plaintiff. The mere fact that the

11   alleged third-party claim arises from the same transaction or set of facts as the original claim is

12   not enough." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988).

    As further stated in Wright and Miller's Federal Practice and Procedure:

13

14   A third-party claim may be asserted under Rule 14(a)(1) only when the third party's
     liability is in some way dependent on the outcome of the main claim or when the

15   third party is secondarily liable to the defending party. The secondary or derivative
     liability notion is central and thus impleader has been successfully utilized when the

16   basis of the third-party claim is indemnity, subrogation, contribution, express or
     implied warranty, or some other theory.

17
   Wright and Miller, § 1446 When a Third-Party Action Is Proper, 6 Fed. Prac. & Proc. Civ. § 1446

18   (3d ed.).

19   **III.   ANALYSIS**

20   Defendant Synchrony Bank moves to implead Merced Powersports because, according to

21   Synchrony, Merced Powersports "is not only essential to determining the validity of Plaintiff's

22   allegations of identity theft, but also the proper allocation of liability under the Merchant

23   Agreement without duplicative proceedings." (ECF No. 36-1 at 3). Defendant further argues that

24   impleading Merced Powersports "ensures judicial efficiency and a comprehensive resolution of

25   the dispute." (*Id.* at 3-4). There is no opposition to the motion.

26   The Ninth Circuit has stated that a third-party claim under Rule 14(a) may only be

27   asserted if: (1) the third-party's liability is in some way dependent on the outcome of the main

28   claim; and (2) the third-party's liability to defendant is secondary or derivative. *Mercedes Benz*,

3

1   708 F.2d at 452.

2        Here, Defendant Synchrony states in defense to Plaintiff's claim that Merced Powersports

3   is the party directly responsible for issuing the loan.  Additionally, Defendant Synchrony alleges

4   in its proposed Third-Party Complaint that it and Merced Powersports "entered into an agreement

5   with Synchrony, under which Merced Powersports agreed to indemnify Synchrony for any

6   liability, damages, or losses incurred by Synchrony as the result of any actions by Merced

7   Powersports." (ECF No. 36-1 at 11). Thus, the outcome of the main claim may concern Merced

8   Powersports' liability for issuance of the loan or impose an obligation of indemnification.

9   Therefore, the Court concludes that Synchrony's liability is in some way dependent on the

10   outcome of a claim against Merced Powersports.  *See Schrader v. Exxon Mobil Corp.*, 2005 U.S.

11   Dist. LEXIS 58821, 2005 WL 8156197, at *2 (C.D. Cal. 2005) ("The obvious case for impleader,

12   of course, is the one in which the third-party defendant is obligated by contract to indemnify the

13   defendant against the liability on which the plaintiff has sued.") (quoting 3 Moore's Federal

    Practice § 14.04[3][b] (3d Ed. 2003)).

14        Therefore, for the reasons stated above, the Court will grant the "Motion for Leave to File

15   Third-Party Complaint."

16   **IV.    CONCLUSION AND ORDER**

17        Accordingly, **IT IS ORDERED** as follows:

18        1.  Defendant Synchrony Bank's "Motion for Leave to File Third-Party Complaint"

19            (ECF No. 36) is GRANTED.

20        2.  Defendant Synchrony Bank is permitted to file a Third-Party Complaint on the

21            docket against Merced Powersports.

22

    IT IS SO ORDERED.

23

24   Dated:   **June 25, 2025**                    /s/ Erica P. Grosjean

25                                        UNITED STATES MAGISTRATE JUDGE

26

27

28