UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REEVE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SYNCHRONY BANK;<br>EQUIFAX INFORMATION SERVICES LLC; AND,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-01458-JLT-EPG<br><br>**JOINT STIPULATION TO EXTEND DISCOVERY DEADLINE; ORDER** |
| SYNCHRONY BANK,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>TWO WHEELS, INC., d.b.a. MERCED POWERSPORTS,<br><br>　　　　　Third-Party Defendant. | |

**TO THE HONORABLE MAGISTRATE JUDGE:**

Plaintiff William Reeve ("Plaintiff") and Defendant and Third-Party Plaintiff Synchrony Bank (Synchrony) (collectively, "the Parties"), by and through their respective counsel of record, hereby agree to enter into the following Stipulation to extend the discovery cut-off. Good cause exists for the requested extension.

WHEREAS, the Court entered a Scheduling Conference Order (ECF No. 33) setting forth that non-expert discovery should be resolved by December 10, 2025;

WHEREAS, the Parties have been engaging in ongoing discovery. Synchrony's Rule 30(b)(6) deponent was deposed on October 24, 2025. Plaintiff's deposition is currently scheduled for November 11, 2025;

WHEREAS, the Parties have been engaging in active settlement negotiations, so as to resolve this matter without further litigation or involvement of the Court;

WHEREAS, the Parties agree that further discovery is necessary both for the purposes of litigation and to facilitate settlement negotiations;

WHEREAS, upon determination of the merchant's role in relation to the claims asserted by Plaintiff, Defendant determined the merchant, known by Defendant Synchrony as Merced Powersports, was an indispensable party to this action and therefore sought to implead Merced Powersports pursuant to its contractual indemnity and duty to defend Defendant Synchrony;

WHEREAS, on July 17, 2025, Defendant Synchrony filed and served a Third-Party Summons and Complaint against merchant Merced Powersports [Dkt. 58], pursuant to the indemnification provisions contained in the agreement between Defendant Synchrony and merchant Merced Powersports;

WHEREAS, on September 29, 2025, Third-Party Defendant Merced Powersports filed a Motion to Quash Subpoena (ECF No. 63) pursuant to Federal Rule of Civil Procedure 12(b), asserting objections to the identification and true name of the Third-Party Defendant;

WHEREAS, on October 13, 2025, Defendant Synchrony filed an amendment to Third-Party Complaint (ECF No. 67) correctly identifying the Third-Party Defendant by its actual legal name, Two Wheels, Inc. and as d.b.a. Merced Powersports;

WHEREAS, on October 28, 2025, the Court issued its summons for service on the Third-Party Defendant Two Wheels, Inc. (ECF No. 69) (d.b.a. Merced Powersports) ("Third-Party Defendant");

WHEREAS, Synchrony effectuated proper service on the now named Third-Party Defendant Two Wheels, Inc., d.b.a. Merced Powersports on this date, October 31, 2025 and filed the Summons Returned Executed as to Third-Party Defendant Two Wheels Inc. (d.b.a. Merced Powersports) on even date (ECF No. 70).

WHEREAS, further facts regarding the addition of Third-Party Defendant are set forth in the Declaration of Alexander W. Pilorusso, filed concurrently herewith, and are incorporated herein by reference;

WHEREAS, Plaintiff and Defendant agree that discovery regarding Third-Party Defendant is essential to the determination of facts and liability, and cannot be completed prior to the December 10, 2025, discovery cutoff;

WHEREAS, the Parties propose February 10, 2026, as the new discovery cutoff date to afford all parties sufficient time to conduct comprehensive written discovery and depositions necessary for a fair and complete adjudication of the case and to further facilitate settlement negotiations.

THEREFORE, the Parties stipulate as follows:

1. The Parties agree to extend the Discovery Cut-Off to **February 10, 2026**.
2. No Party will suffer prejudice as a result of the aforementioned extension.
3. The proposed extension has been stipulated by all Parties.
4. The Parties respectfully request that the Court enter the Proposed Order, filed concurrently herewith, pursuant to the terms of this Stipulation.

\\\

\\\

**IT IS SO STIPULATED.**

DATED: October 31, 2025

                                                **REED SMITH LLP**

                                                /s/ *Adam D. Brownrout*

|    |                              |                                                                    |
|----|------------------------------|--------------------------------------------------------------------|
| 1  |                              | Adam D. Brownrout                                                  |
| 2  |                              | Attorneys for Defendant and Third-Party Plaintiff<br>Synchrony Bank |
| 3  |                              |                                                                    |
| 4  | DATED: October 31, 2025      |                                                                    |
| 5  |                              | **LOKER LAW APC**                                                  |
| 6  |                              | */s/ Matthew M. Loker* (as authorized on 10/31/2025)<br>Matthew M. Loker, Esq. |
| 7  |                              |                                                                    |
| 8  |                              | Attorneys for Plaintiff<br>William Reeve                           |

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves the Stipulation filed by Plaintiff William Reeve ("Plaintiff") and Defendant and Third-Party Plaintiff Synchrony Bank (Synchrony) (collectively, "the Parties") in *Reeve v. Synchrony Bank* (Case No. 1:24-cv-01458-JTL-EPG). Accordingly, **IT IS ORDERED** as follows:

1. The Parties' "Joint Stipulation To Extend Discovery Deadline" (ECF No. 71) is GRANTED.

2. The December 20, 2025 Discovery Cut-Off is now RESET for **February 10, 2026**; and

1. All other dates, deadlines, and instructions contained in the March 25, 2025, Pretrial Scheduling Order (ECF No. 33), SHALL remain in effect.

IT IS SO ORDERED.

Dated: **November 3, 2025**          /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE

JOINT STIPULATION TO EXTEND DISCOVERY DEADLINE