UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM REEVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYNCHRONY BANK, *et al.*,<br><br>　　　　Defendants. | Case No.  1:24-cv-01458-JLT-EPG<br><br>FINDING AND RECOMMENDATIONS, RECOMMENDING THIRD-PARTY DEFENDANT'S MOTION FOR LEAVE TO FILE AN IMPLEADER THIRD-PARTY COMPLAINT BE DENIED<br><br>(ECF No. 80)<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

Currently before the Court is Third-Party Defendant Merced Powersports' "Motion for Leave to File Impleader Third Party Complaint and to Modify Scheduling Order to Reopen Limited Discovery." (ECF No. 80).[1]  This matter was referred to assigned magistrate judge on February 18, 2026. (ECF No. 82).

Upon review of the motion and the hearing held on March 12, 2026, the Court will recommend denying Third-Party Defendant Merced Powersports' motion to file an impleader third party complaint.

\\\

\\\

---

[1] The request to modify the scheduling order and reopen limited discovery was addressed in a separate order. (ECF No. 87).

## I.    BACKGROUND

On November 29, 2024, Plaintiff William Reeve filed a complaint in the United States District Court for the Eastern District of California, naming as Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., Synchrony Bank.  (ECF No. 1).  Plaintiff's complaint stated claims for (1) Violation of the Fair Credit Reporting Act; (2) Violation of California's Identity Theft Act; (3) Violation of the California Consumer Credit Reporting Agencies Act.  (ECF No. 1).  Within the complaint, Plaintiff alleged that Defendant Synchrony violated the Fair Credit Act by issuing a loan in his name for a motorcycle that he did not purchase.  (*Id.* at 4).  Plaintiff further alleged that he filed a dispute with the major credit reporting bureaus, Equifax, Experian, and Trans Union; however, both Equifax and Experian failed to do any independent investigation and continued reporting inaccurate information about Plaintiff.  (*Id.* at 5-6).

On May 2, 2025, Defendant Synchrony Bank filed a "Motion for Leave to File Third-Party Complaint."  (ECF No. 36).  In the motion Defendant Synchrony requested permission to file a Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14, naming as Third-Party Defendant Merced Powersports.  (ECF No. 36-1).  According to Defendant Synchrony, Merced Powersports should be impleaded as a Third-Party Defendant because Merced Powersports was "responsible for submitting the application for the Loan, pursuant to a merchant agreement between Synchrony and Merchant."  (*Id.* at 2).  Defendant Synchrony attached a copy of its proposed Third-Party Complaint that lists two claims against Merced Powersports: (1) Indemnification and Contribution, and (2) Contractual Indemnification and Contribution.  (*Id.* at 11).

The Court granted Defendant's motion on June 25, 2025. (ECF No. 56). Defendant filed the third-party complaint on July 17, 2025, (ECF No. 58), and on October 13, 2025, filed a first amended third party complaint to correct the name of the third-party Defendant from Two Wheels, Inc. to Merced Powersports. (ECF No. 67).

\\\

\\\

\\\

**II.    MOTION FOR LEAVE TO FILE AN IMPLEADER THIRD PARTY COMPLAINT**

On February 10, 2026, third-party Defendant Merced Powersports filed a motion for leave to file an impleader third party complaint pursuant to Federal Rule of Civil Procedure 14, naming as a third-party Defendant Joshua Jagoda (ECF No. 80). According to third-party Defendant Merced Powersports, Pagoda is a former Merced Powersports employee who had prior dealings with Plaintiff. (*Id.* at 3). Defendant Merced Powersports claims that Plaintiff visited Merced Powersports twice and dealt with Pagoda on both occasions. According to Merced Powersports, Pagoda may have prepared a fraudulent installment credit application and submitted it to Defendant Synchrony without Merced Powersports' knowledge or consent, which it claims would be outside of the scope of Pagoda's employment. Merced Powersports asserts that it is possible that Pagoda's fraudulent installment credit application led to the events at issue in Plaintiff's complaint. (*Id.*) The impleader complaint asserts claims of (1) Indemnification and contribution; (2) Breach of Duty of Loyalty; (3) Fraud; and (4) Conversion. (*Id.* at 17-18).

In support of the motion, third party Defendant Merced Powersports argues there is good cause to implead Pagoda because (1) the proposed claim is made in good faith because Merced Powersport is requesting to transfer liability to Pagoda; (2) the proposed claim would not complicate the case; (3) Defendant Synchrony would not be prejudiced because Plaintiff is responsible for service of summons under Rule 4(c)(1); and (4) the proposed claim is not futile because, again, Plaintiff is responsible for summons. (*Id.* at 5-6).

Defendant Synchrony filed an opposition on February 24, 2026. (ECF No. 83).  In opposition, Defendant argues that (1) the proposed impleader complaint adds claims that are irrelevant to Jagoda's liability to Merced Powersports[2]; (2) Merced Powersports already filed a state action against Jagoda on July 2, 2025 and the claims in that case duplicate those sought in the proposed impleader complaint (ECF No. 83-2); (3) Merced Powersports unduly delayed its motion to implead Jagoda because as it had knowledge of Jagoda's fraud since at least April 2025; and (4) California law does not allow Merced Powersports to avoid liability for acts of its

---

[2] Defendant Synchrony's motion refers to Merced Powersports as Two Wheels, Inc. For clarity, the Court will refer to third party defendant as it is presented in the docket, Merced Powersports.

3

employees, so the proposed claims against Jagoda would not result in a transfer or liability to Jagoda.  (*Id.* at 2-3).

Merced Powersports filed a reply on March 3, 2026. (ECF No. 84). In the reply, Merced Powersports argues (1) Rule 14(a) is liberally construed in favor of the impleader; (2) equitable indemnity is proper, even when there may be vicarious liability; (3) vicarious liability does not bar impleader and supports indemnity; (4) there has been no undue delay and Defendant will not be prejudiced; and (5) the impleader complaint promotes judicial efficiency. (*Id.* at 2-6).

On March 12, 2026, the Court held a hearing on third party Defendant's motion. (ECF No. 86).

## III.    LEGAL STANDARDS

Federal Rule of Civil Procedure 14(a)(1) provides that "[a] defending party may as third-party plaintiff, serve a summons and complaint on a [non-party] who is or may be liable to it for all or part of the claim against. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  "The decision whether to implead a third party defendant is within the sound discretion of the district court." *Id.*

"[A] third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).  "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988).

As further stated in Wright and Miller's Federal Practice and Procedure:

A third-party claim may be asserted under Rule 14(a)(1) only when the third

4

> party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party. The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory.

Wright and Miller, § 1446 When a Third-Party Action Is Proper, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.).

"In deciding whether to permit [a] defendant to file a third-party complaint, the court considers (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) the likelihood of trial delay; and (4) the timeliness of the motion." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

## IV.    ANALYSIS

The Court recommends denying third party Defendant Merced Powersports' motion to file an impleader third party complaint.

As stated above, the purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). But here, there is already a pending separate action against the third-party individual. Specifically, in a pending state court matter, Merced Powersports is already seeking recovery against Jagoda for a fraud scheme involving at least eleven customers of the dealership. (*See* ECF No. 83-2). Because that action is already pending, there is no benefit to permitting a third-party impleader complaint here. On the contrary, having two cases with the same pending claims risks inconsistent results.[3]

The Court also finds significant prejudice to the original Plaintiff, William Reeve. If the motion is granted, the third-party impleader complaint will need to be served on Jagoda, who will then respond to the complaint, participate in discovery, and potentially file his own dispositive motion. This will significantly delay this case. Discovery has closed except for "limited discovery, a deposition, and one set of written discovery for the limited purpose of taking

---

[3] Nor can all the pending claims in that state action be joined with this one. The pending state case concerns many other incidents, of which Plaintiff is presumed to be only one of at least eleven other individuals. These other incidents do not involve Plaintiff. (ECF No. 83-2 at 5-9).

discovery of [Jagoda]." (ECF No. 86). Even with the limited discovery opening, non-expert discovery will close on May 11, 2026, and the dispositive motion deadline is currently June 22, 2026.

In response, Merced Powersports asserts that the motion to implead will not cause undue delay because trial is not until October. However, it is not possible to keep that trial date if the claims against Jagoda are added to this case. As noted, Jagoda would need to be served, participate in his own discovery, and file any dispositive motions, amongst other things. *Zero Tolerance Ent., Inc. v. Ferguson*, 254 F.RD. 123, 127 (C.D. Cal. 2008) (judicial efficiency would be harmed by granting impleader because discovery cut-off would be extended, the trial delayed, new legal issues raised, complicated issues at trial, and movant did not file his impleader until over six months after notice of claims that plaintiff raised and over three months after he answered).

Accordingly, the Court will recommend denying Merced Powersports' motion for leave to file an impleader third-party complaint.

## V.    CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** as follows:

1.   Third party Defendant Merced Powersports "Motion for Leave to File Third-Party Complaint" (ECF No. 80) is DENIED

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

\\\

\\\

\\\

\\\

6

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 6, 2026**                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE